UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICOLO and CHANDA MANGIARACINA,
individuals,

        Plaintiffs,

v.

Case No.:

ORANGE LAKE COUNTRY CLUB, INC.,
a/k/a ORANGE LAKE RESORTS, d/b/a
ORANGE LAKE CAPITAL MANAGEMENT,
a Florida for-profit corporation, and
ORANGE LAKE COUNTRY CLUB VILLAS
CONDOMINIUM ASSOCIATION II, Inc.
a Florida non-profit corporation,

        Defendants.
_____/

## VERIFIED COMPLAINT

**COME NOW**, Plaintiffs, NICOLO and CHANDA MANGIARACINA (hereinafter, "Plaintiffs"), by and through the undersigned counsel, and sue Defendants, ORANGE LAKE COUNTRY CLUB, INC., a/k/a ORANGE LAKE RESORTS, d/b/a ORANGE LAKE CAPITAL MANAGEMENT (hereinafter, "OLCC") and ORANGE LAKE COUNTRY CLUB VILLAS CONDOMINIUM ASSOCIATION II, INC. (hereinafter, "CA") (hereinafter collectively, "Defendants"). In support thereof, Plaintiffs allege:

### INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by individual consumers for Defendants' violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA"), and for declaratory judgment and injunctive relief in equity.

1

## JURISDICTION, VENUE AND PARTIES

1. Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367. Declaratory relief is available pursuant to 28 United States Code, Sections 2201 and 2202. Injunctive relief is available pursuant to Florida Statutes, Section 559.77 and 47 United States Code, Section 227(b)(3)(A).

2. Venue in this District is proper as Defendants transact business in this District and the conduct complained of occurred in this District.

3. At all material times herein, the conduct of Defendants, complained of below, occurred in Pinellas County, Florida.

4. At all times herein, Plaintiffs are individuals residing in Pinellas County, Florida and are "debtors" or "consumers as defined by Florida Statues, Section 559.55(2).

5. Defendant OLCC is a for-profit corporation existing under the laws of the State of Florida, that, itself and through its subsidiaries, regularly extends credit to consumers through the purchase of time-share interests and the servicing of those loans in Florida.

6. Defendant CA is a non-profit corporation existing under the laws of the State of Florida, that, itself and through its subsidiaries, regularly collects maintenance and assessment fee debts from consumers in Pinellas County, Florida.

## GENERAL ALLEGATIONS

7. At all times herein, Defendants are each a "creditor" as defined by Florida Statutes, Section 559.55(3).

8. At all times herein, Defendants attempted to collect a debt, specifically a balance allegedly owed on a consumer time-share account referenced by contract number ending in -3223 and owner number ending in -5174 (hereinafter, "Debt").

9. At all times herein, the Debt was a consumer debt, incurred primarily for personal, household, or family use.

10. At all material times, the Defendants are each a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11. At all times herein, Defendants' conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5).

12. At all times herein, Defendants acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

13. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendants.

## FACTUAL ALLEGATIONS

14. Defendants' telephone calls, as more specifically alleged below, were made to Plaintiffs' cellular telephones, specifically, Plaintiff Nicolo Mangiaracina's cellular telephone with assigned number 727.744.9212 (hereinafter, "Nicolo's cellular telephone") and Plaintiff Chanda Mangiaracina's cellular telephone with assigned number 727.744.9933 (hereinafter, "Chanda's cellular telephone") (hereinafter collectively, "cellular telephones"), using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

15. Plaintiff Nicolo Mangiaracina is the owner, regular user, and possessor of a cellular telephone with the assigned number 727.744.9212.

16. Plaintiff Chanda Mangiaracina is the owner, regular user, and possessor of a cellular telephone with the assigned number 727.744.9933.

3

17. On or before July 11, 2013, Plaintiffs retained the Finn Law Group, P.A. (hereinafter, "Initial Counsel") to represent them with regard to the Debt.

18. On or about July 11, 2013, Initial Counsel sent Defendant a certified letter which gave Defendants actual notice of Initial Counsel's representation of Plaintiffs with regard to the Debt, provided Initial Counsel's contact information, and advised that all future communication with Plaintiffs must cease and should be directed to Initial Counsel's office. Please see attached a true and correct copy of said certified letter and proof of receipt labeled as Exhibit "A1-A3."

19. At no time herein did Defendants have either Plaintiffs' prior express consent to call either Plaintiffs' cellular telephones using an ATDS, a PTDS, or an APV.

20. Further, if Defendants contend they had such consent, such consent was revoked the moment Defendants received Initial Counsel's certified letter which advised that all communication with Plaintiffs cease, and be directed to Initial Counsel's office. *See* Fla. Stat., § 559.72(18) (2013).

21. Furthermore, Plaintiff Nicolo's cellular telephone was the only telephone number listed in the agreement between Plaintiffs and Defendants, which is the source of the Debt. As such, prior express consent to call Plaintiff Chanda's cellular telephone did not, and could not, ever have existed.

22. Upon information and belief, Defendants obtained Plaintiff Chanda's cellular telephone number through the use of a "skip-trace." Neither Plaintiff consented to such "skip-trace."

23. On or about July 25, 2013 at approximately 11:25 a.m. EST, Defendant called Plaintiff Nicolo's cellular telephone using an ATDS, a PTDS, or an APV.

24. The immediately-aforementioned call was placed from telephone number 800.298.3706 and was made in an attempt to collect the Debt.

4

25. Further, on the above-referenced call, Defendant left a voicemail message on Plaintiff Nicolo's cellular telephone using an APV.

26. On or about July 25, 2013, Defendant called Plaintiff Chanda's cellular telephone using an ATDS, a PTDS, or an APV.

27. The immediately-aforementioned call was placed from telephone number 800.298.3706 and was made in an attempt to collect the Debt.

28. Further, on the above-referenced call, Defendant left a voicemail message on Plaintiff Chanda's cellular telephone using an APV.

29. On or about July 25, 2013, Defendant called Plaintiff Nicolo's place of employment, St. Petersburg Police Department, at telephone number 727.893.7780 in an attempt to collect the Debt.

30. The immediately-aforementioned call was placed from telephone number 800.298.3706 and was made in an attempt to collect the Debt.

31. During the above-referenced call, Defendant spoke with a switchboard operator at Plaintiff Nicolo's place of employment, identified themselves, requested to speak with Plaintiff Nicolo, and left a message asking for a return call.

32. On or about July 25, 2013, Defendant called Plaintiff Chanda's place of employment at telephone number 727.393.9100.

33. The immediately-aforementioned call was placed from telephone number 800.298.3706 and was made in an attempt to collect the Debt.

34. On or about July 26, 2013 at approximately 4:25 p.m. EST, Defendant called Plaintiff Nicolo's cellular telephone using an ATDS, a PTDS, or an APV.

35. The immediately-aforementioned call was placed from telephone number 407.477.7101 and was made in an attempt to collect the Debt.

46. The immediately-aforementioned calls were placed from telephone number 800.298.3706 and were made in an attempt to collect the Debt.

47. Further, on the above-referenced calls, Defendant left two voicemail messages on Plaintiff Nicolo's cellular telephone using an APV.

48. On or about July 28, 2013, Defendant called Plaintiff Chanda's cellular telephone twice using an ATDS, a PTDS, or an APV.

49. The immediately-aforementioned calls were placed from telephone number 800.298.3706 and were made in an attempt to collect the Debt.

50. Further, on the above-referenced calls, Defendant left two voicemail messages on Plaintiff Chanda's cellular telephone using an APV.

51. On or about July 28, 2013, Defendant called Plaintiff Nicolo's place of employment, St. Petersburg Police Department, at telephone number 727.893.7780, twice, in an attempt to collect the Debt.

52. The immediately-aforementioned calls were placed from telephone number 800.298.3706 and were made in an attempt to collect the Debt.

53. Further, during the above-referenced calls, Defendant spoke with a switchboard operator at Plaintiff Nicolo's place of employment, identified themselves, requested to speak with Plaintiff Nicolo, and left a message asking for a return call.

54. On or about July 28, 2013, Defendant called Plaintiff Chanda's place of employment at telephone number 727.393.9100, twice, in an attempt to collect the Debt.

55. The immediately-aforementioned calls were placed from telephone number 800.298.3706 and were made in an attempt to collect the Debt.

56. On or about July 29, 2013 at approximately 3:44 p.m. EST, Defendant called Plaintiff Nicolo's cellular telephone using an ATDS, a PTDS, or an APV.

36. Further, on the above-referenced call, Defendant left a voicemail message on Plaintiff Nicolo's cellular telephone using an APV.

37. On or about July 26, 2013, Defendant called Plaintiff Chanda's cellular telephone using an ATDS, a PTDS, or an APV.

38. The immediately-aforementioned call was placed from telephone number 407.477.7101 and was made in an attempt to collect the Debt.

39. Further, on the above-referenced call, Defendant left a voicemail message on Plaintiff Chanda's cellular telephone using an APV.

40. On or about July 26, 2013, Defendant called Plaintiff Nicolo's place of employment, St. Petersburg Police Department, at telephone number 727.893.7780 in an attempt to collect the Debt.

41. The immediately-aforementioned call was placed from telephone number 407.477.7101 and was made in an attempt to collect the Debt.

42. Further, during the above-referenced call, Defendant spoke with a switchboard operator at Plaintiff Nicolo's place of employment, identified themselves, requested to speak with Plaintiff Nicolo, and left a message asking for a return call.

43. On or about July 26, 2013, Defendant called Plaintiff Chanda's place of employment at telephone number 727.393.9100.

44. The immediately-aforementioned call was placed from telephone number 407.477.7101 and was made in an attempt to collect the Debt.

45. On or about July 28, 2013, Defendant called Plaintiff Nicolo's cellular telephone using an ATDS, a PTDS, or an APV, at approximately the following times:

    (a)    8:58 a.m. EST; and

    (b)    11:52 a.m. EST.

57. The immediately-aforementioned call was placed from telephone number 407.477.7101 and was made in an attempt to collect the Debt.

58. Further, on the above-referenced call, Defendant left a voicemail message on Plaintiff Nicolo's cellular telephone using an APV.

59. On or about July 29, 2013, Defendant called Plaintiff Chanda's cellular telephone using an ATDS, a PTDS, or an APV.

60. The immediately-aforementioned call was placed from telephone number 407.477.7101 and was made in an attempt to collect the Debt.

61. Further, on the above-referenced call, Defendant left a voicemail message on Plaintiff Chanda's cellular telephone using an APV.

62. On or about July 29, 2013, Defendant called Plaintiff Nicolo's place of employment, St. Petersburg Police Department, at telephone number 727.893.7780 in an attempt to collect the Debt.

63. The immediately-aforementioned call was placed from telephone number 407.477.7101 and was made in an attempt to collect the Debt.

64. Further, during the above-referenced call, Defendant spoke with a switchboard operator at Plaintiff Nicolo's place of employment, identified themselves, requested to speak with Plaintiff Nicolo, and left a message asking for a return call.

65. On or about July 29, 2013, Defendant called Plaintiff Chanda's place of employment at telephone number 727.393.9100.

66. The immediately-aforementioned call was placed from telephone number 407.477.7101 and was made in an attempt to collect the Debt.

67. Defendant continued to call Plaintiffs' cellular telephones and places of employment, approximately every other day up and to at least August 12, 2013.

8

68. On or about August 12, 2013, Initial Counsel sent Defendants an electronic mail message (i.e., e-mail) which advised that Initial Counsel was aware of Defendants' continued calls to Plaintiffs' cellular telephones and places of employment, again advised of Initial Counsel's representation of Plaintiffs with regard to the Debt, again provided Initial Counsel's contact information, and again advised that all future communication with regard to the Debt should be directed to Initial Counsel's office.

69. In response to the immediately aforementioned e-mail, Defendants' employee or representative "Lea Ladd" responded to Initial Counsel's e-mail stating, "I will . . . make sure there are no further communications with your client." Please see attached a true and correct copy of said e-mails labeled as Exhibit "B1-B2."

70. On or about March 11, 2014, despite having been repeatedly advised of Initial Counsel's representation of Plaintiffs with regard to the Debt, repeatedly provided Initial Counsel's contact information, and having been repeatedly advised that all future communication with regard to the Debt should be directed to Initial Counsel's office, Defendants sent Plaintiffs a collection letter in an attempt to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "C1-C2."

71. Plaintiffs have not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics (as done above) on each and every call made to Plaintiffs. Plaintiffs assert, however, that the above-referenced calls are but a sub-set of the calls made in violation of the FCCPA and the TCPA. Further, Defendants are in the best position to determine and ascertain the number and methodology of calls made to Plaintiffs.

72. Despite having repeatedly advised Defendants of Initial Counsel's representation of Plaintiffs with regard to the Debt, Defendants continue to attempt to collect the Debt directly from Plaintiffs in violation of the FCCPA and the TCPA.

73. Defendants' conduct, as described above, is a knowing, willful, and continuing violation of Plaintiffs' rights, as enumerated under federal and state law.

74. Given Defendants' conduct, and their apparent intention and ability to continue to collect the Debt directly from Plaintiffs in violation of said debt collection laws, Plaintiffs have no adequate remedy at law.

75. Plaintiffs have retained Initial Counsel and Leavengood, Dauval & Boyle, P.A. for the purpose of pursuing this matter against Defendants, and Plaintiffs are obligated to pay their attorneys a reasonable fee for their services.

76. As a direct result of Defendants' actions, Plaintiffs have suffered severe emotional distress, anxiety, inconvenience, embarrassment, frustration, annoyance, fear, confusion and loss of sleep, believing that the hiring of an attorney for representation with regard to the Debt was wholly ineffective, and that the frequent, repeated debt collection attempts would simply have to be endured.

77. Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages against each Defendant per independent, temporally displaced violation, plus actual damages, punitive damages, injunctive relief, and an award of attorneys' fees and costs to Plaintiffs, should Plaintiffs prevail in this matter against Defendants.

78. Florida Statues, Section 559.77 further provides that "[t]he court may award punitive damages and may provide such equitable relief as it deems necessary and proper, including enjoining the defendant[s] from further violations." Fla. Stat., § 559.77(2).

79. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00

or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to Plaintiffs' cellular telephones in violation of the TCPA or the regulations proscribed thereunder.

80. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system, a predictive telephone dialing system, or an artificial or prerecorded voice to Plaintiffs' cellular phones in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

81. At all times herein, it would have been possible for Defendants to avoid violating the terms of the TCPA, and the TCPA further provides for injunctive relief.

82. Upon information and belief, based upon the aforementioned allegations, Defendants' telephone calls made to Plaintiffs' cellular telephones using an ATDS, a PTDS, or an APV were willfully and knowingly made, all in violation of the TCPA.

83. As of the date of this complaint, Defendants have not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendants.

**COUNT ONE:
UNLAWFUL DEBT COLLECTION PRACTICE –
VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)**

Plaintiffs re-allege paragraphs one (1) through eighty-three (83) as if fully restated herein and further state as follows:

84. Defendants are subject to, and have violated provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiffs through means which can reasonably be expected to abuse or harass Plaintiffs or their families.

85. On or about July 13, 2013, Defendants received actual notice and possessed actual knowledge of Initial Counsel's representation of Plaintiffs with regard to the Debt. *See* Exhibit "A1-A3."

86. Despite having the above-referenced knowledge, Defendants repeatedly called both Plaintiffs' cellular telephones and places of employment, a total of *at least* forty-eight (48) times, and sent Plaintiffs a collection letter in Defendants' attempts to abuse and harass Plaintiffs into paying the Debt.

87. Further, despite lacking Plaintiffs' prior express consent, Defendant called Plaintiffs' cellular telephones using an ATDS, PTDS, or an APV *at least* twenty-four (24) times in Defendants' attempts to abuse and harass Plaintiffs into paying the Debt.

88. Defendants' willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes Section 559.72(7).

89. As a direct and proximate result of Defendants' actions, Plaintiffs have sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)

Plaintiffs re-alleges paragraphs one (1) through eighty-three (83) as if fully restated herein and further state as follows:

90. Defendants are subject to, and have violated provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating with Plaintiffs after being given actual notice that Plaintiffs were represented by counsel with regard to the underlying Debt.

91. Defendants received actual notice of Initial Counsel's representation of Plaintiffs with regard to the Debt on or about July 13, 2013. *See* Exhibit "A1-A3."

92. Despite having received said notice and possessing knowledge of Initial Counsel's representation of Plaintiffs with regard to the Debt, Defendants called Plaintiffs *at least* forty-eight (48) times and sent Plaintiffs a collection letter in Defendants' attempts to collect the Debt.

93. As a direct and proximate result of Defendants' actions, Plaintiffs have sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT THREE:
## TELEPHONE CONSUMER PROTECTION ACT-
## NEGLIGENT VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiffs re-allege paragraphs one (1) through eighty-three (83) as if fully restated herein and further state as follows:

94. Defendants are subject to, and have violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiffs' prior express consent.

95. Defendants never possessed Plaintiffs' prior *express* consent to call their cellular telephones using an ATDS, PTDS, or an APV. (emphasis added).

96. Further, if Defendants contend they had such consent, such consent was revoked by operation of law when Defendants received Initial Counsel's July 11, 2013 letter (Exhibit "A1-A2"), which notified Defendants that all communication with Plaintiffs must cease and should be directed to Initial Counsel's office.

97. Despite lacking Plaintiffs' prior express consent, Defendants called Plaintiffs' cellular telephones *at least* twenty-four (24) times in an attempt to collect the Debt.

98. Plaintiffs are also entitled to and seek injunctive relief enjoining Defendants from further violations of the TCPA.

99. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered:

    a. The periodic loss of their cellular telephone service;

    b. Lost material costs associated with the use of peak time cellular telephone minutes allotted under their cellular telephone service contracts.

    c. The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

    d. Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated calls placed in violation of the TCPA; and

    e. Statutory damages.

**COUNT FOUR:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**WILLFUL VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiffs re-allege paragraphs one (1) through eighty-three (83), as well as paragraphs ninety-four (94) through ninety-nine (99), as if fully restated herein and further state as follows:

100. The conduct of the Defendants, complained of herein, is the result of a repeated willful and knowing violation of the TCPA.

101. More specifically, as prior express consent never existed or was revoked by operation of law prior to Defendants' placement of calls to Plaintiffs' cellular telephones, and Defendants are fully aware of the TCPA and its restrictions, Defendants' calls constitute numerous and multiple knowing and/or willful violations of the TCPA.

102. Defendants also know that they did not, and have not, reached out to Plaintiffs to independently obtain Plaintiffs' prior *express* consent–oral, written, or otherwise–to call Plaintiffs' cellular telephones using an ATDS, PTDS and/or an APV.

103. Defendants are fully aware of the TCPA and its restrictions and, as such, Defendants' calls constitute numerous and multiple knowing and/or willful violations of the TCPA.

104. As a result of Defendants' knowing and/or willful violations of the TCPA, Plaintiffs are entitled to an award of treble statutory damages, up to $1,500.00, for each and every violation, as alleged above, pursuant to 47 United States Code, Section 227(b)(3)(B) and 47 United States Code, Section 227 (b)(3)(C).

105. Plaintiffs are also entitled to and seek injunctive relief enjoining Defendants from further violations of the TCPA.

## COUNT FIVE: DECLARATORY AND INUNCTIVE RELIEF

Plaintiffs re-allege paragraphs one (1) through eighty-three (83) as if fully restated herein and further state as follows:

106. Unless the Defendants are immediately enjoined from continuing to attempt to collect the Debt directly from Plaintiffs, Plaintiffs will suffer irreparable injury.

107. Plaintiffs have no adequate remedy at law.

108. Plaintiffs have a clear legal right to the protections of the FCCPA and the TCPA.

109. Given Defendants' conduct, and their apparent intention and ability to continue to collect the Debt, directly from Plaintiffs, in violation of said debt collection laws, Plaintiffs have no adequate remedy at law. Plaintiffs need and are entitled to injunctive relief.

110. The requested injunction is reasonably necessary to protect the legal rights of the Plaintiffs and will have no adverse effect on the public welfare.

## COUNT SIX:
## PATTERN AND PRACTICE

Plaintiffs re-allege paragraphs one (1) through eighty-three (83) as if fully restated herein and further state as follows:

111. Upon information and belief, Defendants have engaged in a pattern and practice of unlawful debt collection, repeatedly and willfully calling consumers' cellular telephones in an attempt to collect debts, using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice without having prior express consent to do so, or after said prior express consent has been revoked.

112. Defendants undertake this practice; despite being repeatedly advised by Initial Counsel that Initial Counsel represented Plaintiffs with regard to the Debt and Initial Counsel clearly and conspicuously demanding that all future communication with Plaintiffs cease and be directed to Initial Counsel's office. *See* Exhibits "A1-A3" and "B1-B2."

113. Defendants willfully, knowingly and repeatedly undertake this practice to increase revenue and profitability at the direct expense of consumers' rights, livelihoods, and privacy.

114. Defendants undertake such practice not only repeatedly with regard to a single individual consumer over time, but repeatedly and consistently undertake this practice entity-wide, with respect to many different individual consumers.

115. Based on this pattern and practice, this Court should grant significant and substantial punitive damages sufficient enough to prevent Defendants from continuing this pattern and practice and to deter their future conduct in the Middle District of Florida.

116. Plaintiffs allege that the imposition of a substantial punitive damage award is required in order to force Defendants to comply with well-established federal and state debt collection and privacy laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of the Defendants' conduct, Plaintiffs respectfully request against Defendants entry of:

a. Judgment against Defendants declaring that the Defendants violated the FCCPA and the TCPA;

b. Judgment against Defendants for maximum statutory damages under the FCCPA, per independent, temporally displaced violation committed by Defendants;

c. Judgment against Defendants for statutory damages in the amount of $500.00 for each of Defendants' telephone calls that violated the TCPA;

d. Judgment against Defendants for treble damages in an amount up to $1,500.00 for each telephone call that violated the TCPA for which Defendants acted knowingly and/or willfully;

e. Judgment against Defendants for actual damages suffered by Plaintiffs pursuant to the FCCPA, in an amount to be determined at trial;

f. Judgment against Defendants for punitive damages pursuant to the FCCPA, in an amount to be determined at trial;

g. Judgment against Defendants enjoining Defendants from further engaging in the conduct that violates the FCCPA and the TCPA;

h. An award of attorneys' fees and costs; and

i. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendants and demand that Defendants and their affiliates safeguard all relevant evidence —paper, electronic documents, or data— pertaining to this potential litigation as required by law.

Respectfully submitted,
**LEAVENLAW**

*/s/ Aaron M. Swift*
☐ **Ian R. Leavengood, Esq., FBN 0010167**
[X] **Aaron M. Swift, Esq., FBN 0093088**
☐ **G. Tyler Bannon, Esq., FBN 0105718**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
tbannon@leavenlaw.com
*Attorneys for Plaintiffs*

**FINN LAW GROUP, P.A.**
☐ **Michael D. Finn, Esq., FBN 0089029**
☐ **Patrick Kennedy, Esq. FBN 0097973**
10720 72nd Street, Suite 305
Largo, FL 33777
Phone: (727) 214-0700
Fax: (727) 475-1494
pleadings@finnlawgroup.com
michaelfinn@finnlawgroup.com
patrick@finnlawgroup.com
*Attorneys for Plaintiffs*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
)
COUNTY OF PINELLAS )

Plaintiff Nicolo Mangiaracina, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
Nicolo Mangiaracina

Subscribed and sworn to before me this 12 day of May, 2014.

Notary Public CARMELA M. FEBO
Proof of I.D.: FL Driver's License

My Commission Expires:

CARMELA M. FEBO
Commission # EE 208892
Expires August 12, 2016
Bonded Thru Troy Fain Insurance 800-385-7019

19

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA        )
                        )
COUNTY OF PINELLAS      )

Plaintiff Chanda Mangiaracina, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
Chanda Mangiaracina

Subscribed and sworn to before me this 12 day of May, 2014.

_____
Notary Public

My Commission Expires:

Proof of I.D.: FL Driver's License

CARMELA M. FEBO
Commission # EE 208892
Expires August 12, 2016
Bonded Thru Troy Fain Insurance 800-385-7019

20